■ CASIMIR S. BRONIEWSKI, as Administrator of the Estate of DOROTHY BRONIEWSKI, Deceased, Respondent, v. CITY OF NEW YORK et al., Defendants, MARTIN LEWIS, Respondent, and GENERAL MOTORS CORPORATION, Appellant.— Appeal from an order of the Supreme Court, Kings County, dated September 25, 1968, which denied appellant's motion for discovery and inspection. Order reversed, on the law and the facts and in the exercise of discretion, and motion granted with one bill of $10 costs and disbursements against respondents filing separate briefs (see *Jerome* v. *Lewis*, 32 A D 2d 648). The discovery and inspection shall take place at the place set forth in appellant's notice dated May 10, 1968 at such time as shall be fixed in a written notice of not less than 10 days, to be given by appellant, or at such other time and place as the parties may agree. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.

■ DAVID CAMPBELL, Respondent, v. MARGARET CAMPBELL, Appellant.— Order of the Supreme Court, Nassau County, dated September 26, 1968, affirmed, without costs (cf. *Kaplan* v. *Kaplan*, 31 A D 2d 247). Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ ANN M. DI LILLO, an Infant, by NICHOLAS DI LILLO, Her Natural Guardian, et al., Respondents, v. HARRIET STAMATIS et al., Appellants. (Action No. 1.) GERRY MASTROIANNI, as Administrator of the Estate of PHILOMENA MASTROIANNI, Deceased, et al., Respondents, v. HARRIET STAMATIS et al., Appellants. (Action No. 2.) NICHOLAS STAMATIS, Respondent, v. NICHOLAS DI LILLO, Respondent. (Action No. 3.) — Order of the Supreme Court, Nassau County, dated October 3, 1968, modified, on the law and the facts, by deleting the condition therein and by adding a direction that all three actions, as consolidated, are to be placed on the October 1969 Term Calendar, with all pretrial procedures to be completed by September 1, 1969. As so modified, order affirmed, with one bill of $10 costs and disbursements to appellants against plaintiffs appearing separately in Actions 1 and 2. These three actions arose out of a two-car automobile accident. All of them should be tried together, to avoid duplicating trials and unnecessary expense to both the parties and the court. Brennan, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.